UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on March 13, 2025

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. |
| v. | : |
| | : 18 U.S.C. § 922(g)(1) |
| TONY BROWN, | : (Unlawful Possession of a Firearm and |
| | : Ammunition by a Person Convicted of a |
| Defendant. | : Crime Punishable by Imprisonment for a |
| | : Term Exceeding One Year) |
| | : |
| | : FORFEITURE: |
| | : 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and |
| | : 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about May 14, 2025, within the District of Columbia, **TONY BROWN**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia Case No. 2017 CF2 013486, did unlawfully and knowingly possess a firearm, that is, a Ruger, Model 57, 5.7x28 caliber pistol, and 5.7x28 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

1

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Indictment, **TONY BROWN** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to Ruger, Model 57, 5.7x28 caliber pistol, bearing serial number 643-50921, fitted with a 20-round capacity magazine and 5.7x28 caliber ammunition seized on May 14, 2025.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Jeanine Ferris Pirro
Attorney of the United States in
and for the District of Columbia

*Gauri Gopal*

By: Gauri Gopal Chief
Federal Major Crimes

A TRUE BILL:
FOREPERSON.