## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No. 25-cr-000160 (JEB) |
| v. | |
| **TONY BROWN,** | Hon. James E. Boasberg |
| Defendant. | |

### STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

**I.   ELEMENTS OF THE OFFENSE**

The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm or ammunition;

2. That the firearm or ammunition had been shipped and transported in interstate commerce; and,

3. That, at the time the defendant possessed the firearm and ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact.

**II.   PENALTIES FOR THE OFFENSE**

The penalty for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) is as follows:

1. a maximum term of imprisonment not greater than 15 years;
2. a fine not to exceed $250,000;
3. a term of supervised release of not more than three years, after any period of incarceration; and
4. a special assessment of $100.

## III. STATEMENT OF OFFENSE

On May 14, 2025, at approximately 7:46 PM, Officers of the Metropolitan Police Department Seventh District's Special Missions Unit (SMU) were working the evening tour of duty, wearing full police uniform and utilizing marked cruisers. The police officers were directed to conduct active patrol in the Sixth District, specifically PSA 604, which includes the 5200 block of A Street SE, Washington, DC. From the driver's seat of his cruiser, an officer observed what he recognized as the handle and magazine well of a pistol printing through Mr. Brown's shirt. The officer stopped and exited his police cruiser and approached Mr. Brown who, upon being greeted, began to flee from the police officers. Officers engaged in a short foot pursuit of Mr. Brown who eventually stopped. Upon securing Mr. Brown, an officer observed the outline of a firearm on Mr. Brown's right leg, below his knee. A protective pat down of this area was conducted by an officer who immediately felt what he recognized as a firearm. Officers then pulled down Mr. Brown's pants to recover the firearm that had fallen from his waist down to his pants during his flight.

Upon inspection, the firearm was identified as a Ruger, Model 57, 5.7x28 caliber pistol, bearing serial number 643-50921 and loaded with fourteen rounds of 5.7x28 caliber ammunition in a large capacity magazine, capable of holding twenty rounds.

At the time of the offense, Mr. Brown had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia

Case No. 2017 CF2 013486. Mr. Brown knew that the crime was punishable by a term exceeding one year because he had, in fact, received a sentence exceeding one year.

No firearms or ammunition are manufactured within the District of Columbia and therefore the recovered firearm and ammunition traveled in and affected interstate commerce.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:  /s/ Sumaiya F. Ismail
SUMAIYA F. ISMAIL
Special Assistant United States Attorney
D.C. Bar No. 90020457
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-815-9008
Email: Sumaiya.Ismail2@usdoj.gov

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 6/26/2025

TONY BROWN
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with our client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 6/26/2025

Attorney for Defendant